FILED

2006 OCT 11  AM 11: 20

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LI,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>COUNTY OF SAN DIEGO, FRANCIS BARDSLEY, JEANNE WAGNER, JULIANA HUMPHREY, DOES 1-100,<br><br>　　　　　　　Defendant. | CASE NO. 06CV1372-H (LSP)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |

On July 5, 2006, Plaintiff James Li ("Plaintiff") filed a civil rights complaint. (Doc. No. 1.) Defendants, the County of San Diego, Francis Bardsley, Jeanne Wagner, and Juliana Humphrey (collectively "Defendants"), filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, for more definite statement pursuant to Rule 12(e) on August 23, 2006. (Doc. No. 3.) On September 13, 2006, Plaintiff filed an opposition. (Doc. No. 5.) Defendants filed a reply on September 20, 2006. (Doc. No.'s 6, 8.) This matter is submitted on the papers pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court GRANTS Defendants' motion to dismiss with prejudice.

////
////

## Background

Plaintiff, a naturalized United States citizen of Asian descent and an attorney, applied for an entry-level attorney position within the San Diego County Department of the Public Defender (hereinafter "the Public Defender's office") in 1995. (Compl., ¶ 14.) At the time, the Public Defender's office administered a civil service examination to all applicants to determine the applicants' qualifications for attorney positions. (Id., ¶ 14.) Plaintiff took the civil service examination in 1995, when he applied for the attorney position, and received a score of 95. (Id.) Plaintiff claims that, while a score of 95 did not place him in the top ten-percent of applicants (he was ranked 79th), the Public Defender's office invited him for an interview anyway. (Id.) Defendant Francis Bardsley ("Bardsley") conducted the interview. (Id., ¶ 15.) Plaintiff claims that Bardsley rejected him because he was an Asian male and that she extended offers to several female Asian candidates and non-Asian male candidates at or around the same time. (Id., ¶ 17.) Plaintiff initiated a lawsuit in 1996 against Defendant the County of San Diego ("the County") and Bardsley for discrimination based on race, sex, and ethnicity in violation of 42 U.S.C. § 1983. (Id., ¶ 18.) He also filed a complaint with the Equal Employment Opportunity Commission ("EEOC") based on the same claims. (Id.)

During the pendency of Plaintiff's 1996 lawsuit, he again applied for an entry-level attorney position with the Public Defender's office. (Id., ¶ 19.) Plaintiff took the civil service examination a second time. (Id., ¶ 20.) Defendant Juliana Humphrey ("Humphrey") administered the examination. (Id.) This time, Plaintiff received a score of 90, which placed him at 179 on the list of qualified applicants. (Id., ¶ 21.) At that time, Plaintiff contacted Defendant Jeanne Wagner ("Wagner") and questioned his score as well as his ranking, in light of his 1995 score and invitation to interview. (Id., ¶ 22.) Wagner told Plaintiff that the Public Defender's office had reevaluated its hiring criteria and was seeking applicants fluent in Spanish. (Id., ¶ 23.) Therefore, she stated, non-Spanish speaking candidates received a lower score on the examination than those

1  fluent in the language. (Id.) Plaintiff now claims that the Public Defender's office did
2  not hire him in retaliation for his discrimination complaints in the 1996 lawsuit and
3  EEOC complaint. (Id., ¶ 25.)
4       Plaintiff submitted an application to the Public Defender's office for a third time
5  in March or April of 2005. (Id., ¶ 26.) Four attorneys in the Public Defender's office
6  interviewed Plaintiff in May 2005. (Id., ¶ 27.) One of the attorney's he interviewed
7  with stated that she was "inspired" by Plaintiff and told him to call her for career
8  advice. (Id.) Plaintiff asserts that the attorney's words and actions indicated that the
9  Public Defender's office would hire him. (Id.) After a month passed, Plaintiff
10 contacted the Public Defender's office to inquire about the status of his pending
11 application. (Id., ¶ 28.) Subsequently, on July 6, 2005, Wagner wrote Plaintiff a letter
12 stating that the Public Defender's office had chosen a more suitable candidate. (Id.)
13 Upon learning of his rejection, Plaintiff initiated a complaint for retaliation and
14 discrimination with the California Department of Fair Employment and Housing
15 ("CDFEH"). (Id., ¶ 30.) The CDFEH conducted an investigation of Plaintiff's
16 complaint. (Id., ¶ 31.) In May 2006, Plaintiff alleges that the CDFEH notified him that
17 his civil service examination score from 1996, related to his second application
18 attempt, was underrated by five points; he should have received a score of 95 rather
19 than 90. (Id., ¶ 31.)
20      Plaintiff filed a complaint in this Court on July 5, 2006. (Doc. No. 1.) He
21 alleges that the hiring decision in 1996 was the result of discrimination and constituted
22 unlawful retaliation for his 1996 lawsuit and EEOC complaint in violation of his civil
23 rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 28 U.S.C. §§ 1331, 1343(a),
24 and 1967. (Compl., §§ 1, 34.)

25                              **Discussion**
26 **A.   Legal Standard**
27      A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P.
28 12(b)(6) tests the legal sufficiency of the claims in the complaint. Conley v. Gibson,

355 U.S. 41, 45-46 (1957). A claim will only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. All allegations of material fact in the plaintiff's complaint shall be "taken as true and construed in the light most favorable to the nonmoving party." Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989); Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). A court may not, however, "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Courts grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

The statute of limitations may be raised by motion to dismiss or for summary judgment. Jablon v. Dean Witter & Co., 614 f.2d 677, 682 (9th Cir. 1980). However, the defendant can only raise the statute of limitations defense on a motion to dismiss if the running of the statutory period appears on the complaint's face. Id. (citations omitted).

**B.     Analysis**

Defendants move to dismiss Plaintiff's complaint because, they allege, the complaint is time barred under the applicable statute of limitations. Plaintiff argues that he is entitled to tolling.

The statute of limitations for civil rights claims initiated under 42 U.S.C. § 1983 is one-year. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir. 1991). However, the limitations period is subject to equitable doctrines, including estoppel and tolling. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). District courts should apply these doctrines sparingly. Id. (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984)).

The continuing violations doctrine also tolls the statute of limitations where there are continuing violations. Id. Thus, "if a discriminatory act took place within the limitations period and that act was 'related to and similar to' acts that took place

outside the limitations period, all the related acts-including the earlier acts-were actionable as part of a continuing violation." RK Ventures, Inc. v. city fo Seattle, 307 F.3d 1045, 1061-62 (9th Cir. 2002) (citing Anderson v. Reno, 190 F.3d 930, 936 (9th Cir. 1999)). The continuing violations doctrine does not apply, however, to discrete, discriminatory acts, such as refusal to hire. Id. (citing Morgan, 536 U.S. at 113.)

Fraudulent concealment may also toll the applicable limitations period. Community Cause v. Boatwright, 124 Cal.App.3d 888, 900 (1981). Plaintiff bears the burden of pleading the facts constituting the fraud. Id. at 901. "Plaintiff must show (1) the substantive elements of fraud, and (2) an excuse for late discovery of the facts." Id. at 900 (citing 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 403, p. 1236.) However, the plaintiff owes a duty to reasonably investigate, and the plaintiff's suspicion of wrongful acts, in combination with knowledge of the harm, starts the clock on the applicable limitations period. Snapp & Assoc.'s Ins. Serv.'s, Inc. v. Robertson, 96 Cal.App.4th 884, 890-91 (2002) (citing Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1112 (1988)).

Plaintiff's claims are time barred under the applicable statute of limitations. He submitted applications to the Public Defender's office in 1995, 1996 and 2005. Each time he was denied employment. After his rejection in 1995, he initiated a lawsuit which he now claims formed the basis for his rejection in 1996. The statute of limitations to file a civil rights complaint based on discrimination is one-year, absent equitable tolling. McDougal, 942 F.2d at 672. Under these circumstances, Plaintiff is not entitled to tolling, as he was or should have been aware of the basis of his current claims in 1996 when the Public Defender's office rejected his second employment application. At that time, Plaintiff new the relevant facts pertinent to his complaint: (1) that his application was rejected a second time and (2) that he had previously filed a lawsuit based on the adverse employment decision in 1995 which the Public Defender's office likely knew of and which could have formed the basis of the 1996 rejection. Therefore, the statute of limitations began to run upon his rejection in 1996

and ended one year later, by at least the end of 1997. Accordingly, the Court concludes that Plaintiff's current lawsuit is untimely, as it is nine years too late. See McDougal, 942 F.2d at 672.

Plaintiff asserts that he was not aware of the basis of his claims due to Defendants' fraudulent concealment. However, in fraudulent concealment cases, the plaintiff must demonstrate when and under what circumstances the fraud was discovered, and that the plaintiff did not bear fault for failing to discover the facts. See Boatwright, 124 Cal.App.3d at 901. Even assuming that Plaintiff's complaint meets the heightened pleading standards for fraud under Fed. R. Civ. P. 9(b), Plaintiff still would not prevail because he knew or should have known of the facts underlying his current claims. The Public Defender's office rejected Plaintiff in 1995 and again in 1996. However, Plaintiff claims a reasonable person in similar circumstances would not have discovered the basis for the current lawsuit, until at least 2005. This conclusion is not supported by logic or fact. Despite learning in 2005 that the Public Defender's office allegedly underrated his civil service examination by five points, Plaintiff had notice of the factual predicate for his current claims in 1996, when the Public Defender's office rejected his second application. Thus, Plaintiff should have had a reasonable suspicion at that time of the facts underlying his current complaint. That suspicion, coupled with knowledge of the adverse employment decision, commenced the limitations period in 1996. Robertson, 96 Cal.App.4th at 890-91. As Plaintiff is not entitled to tolling based on fraudulent concealment or other equitable grounds, the statute of limitations to file his claims based on the 1996 employment decision expired by at least the end of 1997; Plaintiff's lawsuit is nine years too late. Accordingly, the Court GRANTS Defendant's motion to dismiss with prejudice.

/ / / /
/ / / /
/ / / /
/ / / /

## Conclusion

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss with prejudice.

IT IS SO ORDERED.

DATED: 10/10/06

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

**COPIES TO:**
James Li
P.O. Box 5399
7377 West La Palma Ave.
Buena Park, CA 90622

William H. Songer
County of San Diego, Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469